## PARODY *v.* CHICAGO, M. & ST. P. RY. Co.

*(Circuit Court, D. Minnesota.* December Term, 1882.)

1. MASTER AND SERVANT—DEFECTIVE MACHINERY—LIABILITY OF MASTER FOR PERSONAL INJURY TO SERVANT. .
   Where a master has expressly promised to repair a defect in the machinery used by the servants in his employment, the servant may recover for an injury caused thereby within such a period of time after the promise as would be reasonable to allow for its performance.

2. SAME—PROMISE BY AGENT OF MASTER.
   A promise to repair made by the agent of the master is binding on the master, but the burden of proof is on the plaintiff to establish such promise.

3. SAME—MEASURE OF DAMAGES.
   The award of damages in such cases must not be excessive. They are only to be remunerative,—compensatory,—a just and fair amount for the injury sustained.

*Ueland & Shores,* for plaintiff.
*Bigelow, Flandrau & Squires,* for defendant.

NELSON, J., *(charging jury.)* This suit is brought to recover damages for a personal injury. The plaintiff was in the defendant's employment as brakeman on a switch-engine in defendant's yard. His duty was to couple the engine to cars in making up and breaking trains. He alleges the injury complained of was the result of a defective and unsuitable draft-iron or draw-bar attached to the engine, and that he informed the yard-master of the danger attending its use, who promised to remove it, but failed to do so. The defendant takes issue upon the alleged defective construction of the draw-bar, and danger in its use, and it being conceded that the plaintiff remained in the service of the defendant, coupling with this draw-bar, after knowledge of its danger, alleges that it is not responsible for the injury. The issue is sharply defined, and presents, in connection with

the facts for your determination, a consideration of an exception to the rule exempting the common employer from liability to one employe for an injury caused by the negligence of a fellow-employe, and in some respects the duty and obligation of a railroad company to its employes. The burden of proof is on the plaintiff, and he must establish to your satisfaction that the injury occurred; that the draw-bar was dangerous to operate and defective in construction, and that he informed the yard-master of the fact, who promised to remedy the defect, but did not; and that the draw-bar was the approximate cause of the injury.

There is evidence tending to show that the draw-bar was an improper one, and not in ordinary use by the company in the yard; that the switch-engine upon which plaintiff worked when first employed did not have it attached; and that shortly after he worked upon this engine he complained to the yard-master, telling him that it was dangerous, who promised to remove it, but did not, and that he remained at work after complaint and unfulfilled promise until, on May —, 1882, he was injured.

The evidence on behalf of the defendant tends to show that due care had been exercised in selecting the draw-bar; that it was safe and not defective in construction, nor dangerous, but safer than ordinary draw-bars in use by the company; that it had no notice of any complaint from the persons using it, and never promised to remove it.

It was necessary for the defendant to use switch-engines in the yard with draft-irons or draw-bars at each end, in order to properly conduct its business; and in supplying such engines for this work it was the duty of the defendant to exercise reasonable care in the selection of suitable and safe appliances to be used. It owed this duty to the plaintiff. It was under no obligation to furnish the safest known draw-bar. If the company observed all the care which prudence suggested, and was required by the exigencies of the situation, in securing and furnishing a draw-bar adequately safe for the plaintiff to use, it fulfilled its duty and performed its part of the contract.

The work of coupling is an exceedingly hazardous one under the most favorable circumstances, and when the plaintiff entered such service it was implied in the contract between himself and the defendant that he assumed the dangers which ordinarily attend the performance of his work in which he voluntarily engaged, and that he risked these dangers for the compensation paid him. If he was not satisfied with the service he could withdraw. If it was too dan-

gerous, and attended with great risks which he did not care to take, the defendant could not compel him to remain, and if he did the company did not absolutely insure his safety.

The injury being conceded, the first question for you to decide is, was the draw-bar attached to the engine so defective in its construction and manner of use that it was dangerous? The affirmative of this issue is upon the plaintiff, and he must prove by the preponderance of evidence that this draw-bar was a dangerous appliance, and entirely insecure for coupling, and that the defendant, in the selection of it, was wanting in care. If he has not satisfied you, by the evidence, that the defendant failed to exercise reasonable care in purchasing and providing this draw-bar, and you believe it reasonably safe if proper care was exercised in its use, then the defendant is entitled to a verdict, for the reason that it has fulfilled its duty and obligation in respect to the appliance furnished. On the other hand, if you should arrive at the conclusion that the draw-bar was dangerous, and defective in its construction, and also that the company failed to exercise such caution as would ordinarily suggest itself to a prudent person, then you are to further consider whether the defendant was informed of its dangerous and defective character, and promised to remedy it and provide another.

In regard to the notice required to inform defendant of this, it is sufficient that notice was given to that agent or servant of the defendant, who made a requisition for the appliances necessary to be used in the yard of the defendant, and whose duty it is to guard against injurious consequences of defects in the particular appliances used therein. Such a person is the yard-master. He represents the company, and since it delegated to him the authority to make requisition for engines, etc., for the use of the yard, notice to him of dangerous draw-bars will be notice to the defendant. He is the proper person, and if after such notice he promised to remedy it, a failure to do so is the negligence of the defendant. The evidence of notice to the yard-master and a promise to remedy, is conflicting. The burden of proof is upon the plaintiff to show it. He must prove by a preponderance of evidence that he gave the notice and that the promise was made. The plaintiff and some of his witnesses testify to the fact, and the yard-master is equally positive that no complaint was made by the plaintiff, or by any one for him, or in his presence, and that he never promised to have the draw-bar removed.

The plaintiff must prove that the defendant had notice of the danger in using this draw-bar, and promised to remedy the defects; for

in no view of the case can he recover, although the draw-bar was dangerous, unless he can satisfy you of knowledge by the defendant, and a promise to furnish a safe and secure draw-bar. If he has not by the preponderance of evidence proved this, then he must fail in his action, and your verdict will be for the defendant.

If, however, you find that the yard-master was notified of the danger in using this draw-bar, and that he promised to remove it or remedy the defect, then, before the plaintiff can recover, you must consider further and determine whether the plaintiff, in remaining in defendant's employ, assumed all the risk and danger of working with this draw-bar under the circumstances.

The following rule is recognized by the supreme court, (see 100 U. S. 225:)

"There can be no doubt that where a master has expressly promised to repair a defect, the servant can recover for an injury caused thereby within such a period of time after the promise as it would be reasonable to allow for its performance, and, as we think, for an injury suffered within any period which would not preclude all reasonable expectation that the promise might be kept."

If, in your opinion, the time that elapsed was unreasonable, and the plaintiff was not justified in relying upon the assurance of the defendant to remedy the defect, and that no prudent man would continue the employment when so long a time had elapsed after notice of the defect was given, and the promise to remedy it not fulfilled, the liability of the company ceases, and by remaining he was wanting in care and contributed to his injury, and the defendant is entitled to a verdict.

If, however, under all the circumstances, in view of the promise to remedy the defect, the plaintiff exercised due care in continuing to use this draw-bar, and was free from fault at the time of the injury, then he is entitled to a verdict.

Should you so find, the damages which you award must not be excessive. They can only be remunerative,—compensatory,—a just and fair amount for the injury sustained

Verdict for plaintiff.

See *King* v. *Ohio, etc., R. Co.* 14 FED. REP. 277.