## YOUNG *v.* NEW JERSEY & N. Y. RY. CO.[1]

*(Circuit Court, E. D. New York. March Term, 1891.)*

MASTER AND SERVANT—DEFECTIVE MACHINE—NEGLIGENCE OF FELLOW-SERVANT.
An employer is liable for an injury to an employe caused by a defective machine, even though the negligence of a co-employe may have contributed to the accident.

At Law. On motion for new trial.
*Irving Browne*, for plaintiff.
*De Forest & Weeks*, for defendant.

WHEELER, J. The plaintiff was a fireman on one of defendant's engines, drawing a fast passenger train, which ran by a danger signal at a junction, where the rules required the train to be under control, onto a side track, against some cars, by which he was seriously injured. This suit was brought for that injury. His evidence tended to show that the air-brake of the engine was out of order, and unsafe, repairs to which had been requested by the engineer, and directed, but neglected, to his and the engineer's knowledge, and that the train would have been stopped safely but for that. The engineer was momentarily engaged about the injector, and the plaintiff was looking out for the signals. He testified that they were in sight of this signal for a long distance; that when he first saw it he could not tell whether it was at safety or danger that as

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

soon as he could tell that it was at danger, he warned the engineer, who reversed the engine, put on the air-brakes, and did all he could to stop. Upon this and the other evidence the defendant moved for a verdict because of the plaintiff's knowledge of the defect in the brake; of his contributory negligence in not warning the engineer sooner; and of the negligence of the engineer in approaching the signal so fast with such a brake. The motion was denied, with directions to the jury for a verdict for the defendant if the brake was safe for that use; or the defect did not cause the injury; or the plaintiff's negligence contributed to causing the injury; or it was caused solely by the negligence of the engineer; and for a verdict for the plaintiff if the defect in the brake, or the defect and negligence of the engineer, caused the injury, without any contributory negligence of the plaintiff. After verdict for the plaintiff the defendant moved for a new trial, because there was no question but that the plaintiff contributed to the injury, and because negligence of the engineer, a fellow-servant, alone, or with that of the plaintiff, in running so fast so near the junction with such a brake, against the rule, was the proximate cause of the injury, and the defect in the brake only a remote cause, which would create no liability.

That not leaving the work pending repairs promised or directed would not bar recovery for the defect, when to remain would not be negligence in fact, is established for this court by *Hough* v. *Railway Co.*, 100 U. S. 213. The want of negligence in fact is established by the verdict. The plaintiff could not give warning that the signal was at danger till he could see that it was so, and, whether he ought to have given warning before that he could not so see, or was negligent on the whole in such a way as to contribute to causing the injury, could not be assumed as matters of law, but were questions of fact, arising upon the circumstances, which had to be submitted to the jury. What injured the plaintiff was the running against the cars on the side track. The speed of the train, and the inability of the engineer to check it with that brake, caused this. The speed was not too great for a reasonably good brake. If the speed had not been too great for that brake, as it was, the injury would not have occurred. If the brake had not been too weak for that speed, it would not have occurred. The speed at that place alone, which is all that the engineer, alone or with the plaintiff, was responsible for, did not cause the injury. That and the defect in the brake, which the defendant was responsible for, together, did. Both were proximate; the defect as much so as the speed. The defendant is not exempt from liability for the negligence of the engineer because the plaintiff was responsible for it. The engineer would be liable to the plaintiff for it, and both the engineer and the defendant would be liable, together or separately, for an injury which the negligence of both caused. Upon a similar question in *Railway Co.* v. *Cummings*, 106 U. S. 700, 1 Sup. Ct. Rep. 493, Mr. Chief Justice WAITE said:

"In the instruction which was given we find no error. It was in effect that, if the negligence of the company contributed to—that is to say, had a share in—producing the injury, the company was liable, even though the neg-

ligence of a fellow-servant was contributory also. If the negligence of the company contributed to, it must necessarily have been an immediate cause of, the accident, and it is no defense that another was likewise guilty of wrong."

In *Railway Co.* v. *Kellogg*, 94 U. S. 469, cited for the defendant, Mr. Justice STRONG said:

"The true rule is that what is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science, or of legal knowledge. It is to be determined as a fact, in view of the circumstances attending."

The question here, whether the defect in the brake caused the injury to the plaintiff, has been submitted to the jury, and found for the plaintiff, although contributory negligence of the engineer may also have been found. From this re-examination of the case, in the light of these controlling authorities, no just ground for disturbing the verdict appears.

Motion denied.