## NEW JERSEY & N. Y. R. CO. *v.* YOUNG.

*(Circuit Court of Appeals, Second Circuit. January 18, 1892.)*

1. **MASTER AND SERVANT—PERSONAL INJURIES—IMPUTED NEGLIGENCE.**
   Negligence cannot be imputed to a fireman because he does not endeavor to enforce upon the engineer obedience to the regulations of the railroad.
2. **SAME—KNOWLEDGE OF DEFECTS—CONTINUANCE IN SERVICE.**
   For a fireman, knowing of a defect in the air-brake, to remain upon a locomotive is not conclusive of negligence on his part, and it is a proper question for the jury whether the defect is such that a man of ordinary prudence and intelligence would not have remained, and also whether the accident would have happened had the brake been in proper order.
3. **SAME—PROMISE TO REPAIR.**
   That a servant continues in a dangerous service in consequence of the master's assurances that the danger shall be removed precludes any argument that the servant, by remaining, assumes its risks, and recovery can be had for an injury caused by the defect after the lapse of a reasonable time for its correction.
4. **SAME—FELLOW-SERVANTS.**
   The negligence of a fellow-servant does not excuse the master from liability for an accident which would not have happened had the master performed his duty. 46 Fed. Rep. 160, affirmed.

On Writ of Error from Circuit Court, Eastern District of New York.

Action by William H. Young against the New Jersey & New York Railroad Company, for damages for personal injuries. The cause was originally brought in the supreme court of New York, and subsequently removed to the federal court. Verdict and judgment were there rendered for plaintiff, and a new trial was denied. Defendant brings error. Affirmed.

*Robert W. De Forest*, for plaintiff in error.

*Charles C. Suffren*, (*Irving Brown*, of counsel,) for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the original suit to review a judgment for the plaintiff rendered upon a verdict of the jury. The plaintiff, a fireman in the employ of the defendant, while firing the locomotive of an express train on the defendant's railway on a trip from Jersey City to Haverstraw, was injured by a collision between his train and some cars upon a side track of the railway. The side track was not disconnected from the main track at the time, and this fact was indicated by a danger signal of a red light, indicating that the switch was open. A white light would have indicated that it was closed. The track was straight for a considerable distance ahead of the switch. The side track was at a station where there is a junction between the tracks of the defendant's railway and those of another railway. Among the regulations of the defendant, furnished to its engineers, were the following:

"All trains must approach * * * junctions * * * prepared to stop; and must not proceed until the switch or signals are seen to be right, or the track is plainly seen to be clear. * * * He [the engineer] must always run upon the supposition that at any station he may find a switch out of place, and he must have his train well in hand, on approaching a switch or station."

As the train was approaching the switch, at the rate of 25 miles an hour, and when several hundred feet distant, the plaintiff noticed the signal was a red light, and the engineer immediately reversed his engine and applied the air-brake. The testimony upon the trial authorized the jury to find that the air-brake was out of repair; that if it had been in proper order the train could have been stopped between the place where it was applied by the engineer and the switch; that both the plaintiff and the engineer knew the brake was out of order; that within the previous week the engineer, in the presence of the plaintiff, had notified the defendant's superintendent that the brake was out of order; and that the superintendent, through the engineer, had directed the defendant's repairer to put it in order, but the repairer had neglected to do so. The testimony also authorized the jury to find that, owing to the fog at the time, the color of the signal was not distinguishable further away than the place at which the brake was applied. At the close of the testimony the defendant's counsel requested the judge to instruct the jury to render a verdict for the defendant on the grounds (1) that no negligence on the part of the defendant was shown; (2) that the accident was caused by the negligence either of the plaintiff or of the engineer, his fellow-servant; and (3) that the proximate cause of the accident was the negligence of the engineer or fireman with reference to the danger signal, irrespective of any defect in the brake. The court refused these instructions, and the defendant took an exception. The defendant assigns error because of the refusal of the trial judge to give these instructions. We think the instructions were properly refused.

It is not fairly open to discussion that the facts in evidence would authorize a recovery by the plaintiff if he had not been aware of the defective condition of the air-brake, or if the engineer had not been guilty of negligence in running his train in violation of the regulation; especially so when he knew that the brake was out of order. A fireman has no authority to interfere with the engineer in the management of a train, and therefore negligence cannot be imputed to the plaintiff because he did not endeavor to enforce obedience to the regulations upon the engineer. His personal negligence, if there was any, is to be found in his conduct in remaining as a fireman upon a locomotive which was so defectively equipped that it could not be seasonably stopped. It was clear after the accident that the brake was so defective that the train could not be stopped within a distance at which, on a foggy night like the one in question, danger signals could be discerned. But there is nothing in the evidence to indicate that this was manifest to the plaintiff before the accident took place. It was a question for the jury to determine whether the defect was such that a man of ordinary prudence and intelligence would not have remained upon a locomotive as a fireman after knowledge of it. That the plaintiff knew of the defect in the appliance was not, under the circumstances, and as a matter of law, absolutely conclusive of negligence on his part, even though there had been no assurance from the defendant that it should be repaired. *Ford* v. *Railroad Co.*, 110 Mass. 240, 261; *Laning* v. *Railroad Co.*, 49 N. Y.

521; *Daley* v. *Printing Co.*, 150 Mass. 77, 22 N. E. Rep. 439; *Myers* v. *Iron Co.*, 150 Mass. 125, 22 N. E. Rep. 631; *Hough* v. *Railway Co.*, 100 U. S. 213; *District of Columbia* v. *McElligott*, 117 U. S. 621, 6 Sup. Ct. Rep. 884; *Railroad Co.* v. *McDade*, 135 U. S. 554, 10 Sup. Ct. Rep. 1044. But the evidence authorized the jury to find that the plaintiff had been assured that the defendant would repair the air-brake. "If the servant, having a right to abandon the service because it is dangerous, refrains from doing so in consequence of assurances that the danger shall be removed, the duty to remove the danger is manifest and imperative, and the master is not in the exercise of ordinary care unless or until he makes his assurances good. Moreover, the assurances remove all ground for the argument that the servant, by continuing the employment, engages to assume its risks." Cooley, Torts, 559. This doctrine is cited with approval in *Hough* v. *Railway Co.*, *supra*, as is also the following language from Shear. & R. Neg. (3d Ed.) § 96: "There can be no doubt that, where a master has expressly promised to repair a defect, the servant can recover for an injury caused thereby within such a period of time after the promise as it would be reasonable to allow for its performance, and, as we think, for an injury suffered within any period which would not preclude all reasonable expectation that the promise might be kept." See, also, *Holmes* v. *Clark*, 10 Wkly. Rep. 405; *Laning* v. *Railroad Co.*, *supra*; *Greenleaf* v. *Railroad Co.*, 33 Iowa, 52; *Railroad Co.* v. *Platt*, 89 Ill. 141. If it should be assumed that the engineer was guilty of negligence, either by his disregard of the regulations or otherwise, which contributed to the accident, such negligence would not necessarily defeat the action, if the negligence of the defendant was also contributory. *Railway Co.* v. *Cummings*, 106 U. S. 700, 1 Sup. Ct. Rep. 493. The defendant would not be liable if the negligence of the engineer was the sole cause of the accident, because, being a fellow-servant with the plaintiff, his negligence was one of the risks for which the defendant, as master, did not assume to be responsible. But negligence of a fellow-servant does not excuse the master from liability to a co-servant for an injury which would not have happened had the master performed his duty. *Coppins* v. *Railroad Co.*, 122 N. Y. 557, 25 N. E. Rep. 915. It was a fair question of fact in the present case whether the accident would have happened if the air-brake had been in proper order, because, notwithstanding the train was proceeding at an improper rate of speed and in violation of the instructions, there was evidence to indicate that the train could have been stopped before reaching the switch after the brake was applied.

The judgment is affirmed.