LESSARD, Respondent, vs. THE NORTHERN PACIFIC RAILROAD COMPANY, Appellant.

*January 13 — February 2, 1892.*

*Railroads: Injury to employee: Negligence of vice-principal: Pleading: Presumptions.*

In an action by an engineer against a railroad company, a complaint alleging that the defendant negligently caused and permitted a freight car to stand upon the main track near a station, causing a collision whereby plaintiff was injured, is *held* sufficient, as importing that the act charged was the act of an agent whose negligence was the negligence of the principal.

APPEAL from the Circuit Court for *Milwaukee* County.

Appeal from an order overruling a general demurrer to the complaint. The complaint charges substantially that on the 16th of August, 1890, the respondent was a locomotive engineer in appellant's employ, and on that day was ordered to and did act as engineer upon a locomotive drawing a freight train on appellant's road from a station called Chelsea to Ashland; that on said day the defendant "negligently, carelessly, and unlawfully caused, suffered, and permitted, at or near a station called Glidden," a large freight car to stand and remain upon the main track, with which car respondent's engine collided while respondent was exercising proper care and caution, whereby respondent was seriously injured.

The cause was submitted for the appellant on the brief of *D. S. Wegg* and *Thos. H. Gill*, and for the respondent on that of *Rose & Bell*.

For the appellant it was contended, *inter alia*, that, although the negligence is charged directly against the defendant, it is the duty of the court to look to the facts set up, and from them determine whether the negligence is in reality the act of the corporation or of its employees. If of the latter, then it is its duty further to decide whether such acts render the corporation responsible. *Whitwam v. Wis. & Minn. R. Co.* 58 Wis. 413; *Kelly v. Abbot*, 63 id. 311; *Ewald v. C. & N. W. R. Co.* 70 id. 433. The complaint charges that the obstruction was at or near a station, and upon the demurrer the conclusive presumption is that the negligence was of the station agent, a fellow-servant of the plaintiff. *Brown v. M. & St. L. R. Co.* 31 Minn. 553; *Toner v. C., M. & St. P. R. Co.* 69 Wis. 188; *Gilman v. Eastern R. Corp.* 10 Allen, 233; *Dealey v. P. & R. R. Co.* 4 Atl. Rep. (Pa.), 170.

WINSLOW, J. The demurrer was properly overruled. The complaint charges that the defendant itself caused and per-

mitted the freight car to be upon the main track. Of course, this negligence must have been the act of some agent of the company. The general and familiar rule is that it is sufficient, in pleading an act performed by means of an agent, to plead it as the act of the principal. Is this rule changed by the fact that in this case there is a class of agents, *i. e.*, co-employees, for whose acts of negligence the principal is not liable? We think not. The fair import of the complaint is that the act charged was the act of an agent whose negligence is the negligence of his principal; in other words, a vice-principal. We certainly shall not assume that the negligent act complained of was the act of one whose negligence is not imputable in this action to the principal, when the complaint directly charges the negligence to be that of the principal.

