KENNEDY v. GRACE & HYDE CO.

(Circuit Court, S. D. New York. February 27, 1899.)

1. MASTER AND SERVANT—INJURY TO SERVANT—SAFE PLACE TO WORK.
    A master is charged with the duty of providing for the safety of the place where his servant is required to work, except as it may be changed by the progress of the work itself.

2. SAME—CONCURRENT NEGLIGENCE OF FELLOW SERVANT.
    Plaintiff was working, in the night, on tall timbers provided by his employer, the defendant, and supported by guys in the street. The guys were not guarded nor lighted, as was customary and necessary for their safety, and a passing wagon struck one, throwing plaintiff from the timbers, and causing his injury. Held, that the fact that the guys were placed by fellow workmen, and that their negligence, as well as that of the driver of the wagon, may have contributed to the injury, did not relieve defendant from liability.[1]

On Motion for New Trial.

Gilbert D. Lamb, for plaintiff.
Charles C. Nadal, for defendant.

WHEELER, District Judge. The plaintiff is a carpenter, and was at work for the defendant, at night, on tall timbers above the sidewalk on Vanderbilt avenue, steadied by guys across the avenue. In the early morning a mail wagon going along the avenue hit one of the guys, and thereby the plaintiff was thrown from the timber where he was at work to the sidewalk, and seriously injured. This suit is brought for that injury, and now, after verdict for the plaintiff for not properly guarding the street for the protection of the work, has been heard on a motion for a new trial.

The guys were moved from place to place along the avenue by the fellow workmen of the plaintiff, as the work progressed. This guy had been moved but a short time before, and so placed that it might

[1] As to fellow servants generally, see note to Railroad Co. v. Smith, 8 C. C. A. 668, and, supplementary thereto, note to Flippin v. Kimball, 31 C. C. A. 286.

be hit by high wagons passing along the avenue. The principal ground urged in support of the motion is that the injury was caused by the negligence of fellow servants, of which the plaintiff took the risk, and not by anything for which the defendant was responsible.

The employer provides the place. That this imposes the duty of providing for the safety of the place, except as it may be changed by the progress of the work itself, seems to now be well settled. The cases cited for upholding the exception prove the rule. Armour v. Hahn, 111 U. S. 313, 4 Sup. Ct. 433; Finalyson v. Milling Co., 14 C. C. A. 492, 67 Fed. 507; City of Minneapolis v. Lundin, 7 C. C. A. 344, 58 Fed. 527, and others. This place was a public street, where teams and high vehicles were likely to pass at all hours. There was evidence that watchmen, or red lights, are usually and necessarily stationed about the places of such work to warn drivers, for safety; and that there were none about this work at this time. The progress of the work did not displace these safeguards. The lack of them was negligence of the defendant, which the jury found to be unreasonable, and to have caused the injury to the plaintiff, without fault of him. In all the cases, enforcing the exception, noticed, the progress of the work affected the place itself as to safety. As in Armour v. Hahn, 111 U. S. 313, 4 Sup. Ct. 433, the place complained of was a building in process of construction. In Finalyson v. Milling Co. it was a mine being worked; and in City of Minneapolis v. Lundin it was a sewer being constructed, and in each the work being done caused the danger resulting in the injury. In the latter case the court said the street furnished by the city was safe, and the negligence was that of those at work upon the sewer. Here the street was made unsafe for the work by the lack of warning, with which the work in which the plaintiff was engaged had nothing to do. Carelessness in placing the guy or in driving the mail wagon may have concurred, but that would not relieve the defendant from liability for what its own negligence also concurred in. Motion denied.