## BURCH v. SOUTHERN PAC. CO.

(Circuit Court, D. Nevada. September 5, 1905.)

### No. 813.

1. MASTER AND SERVANT—DEFECTIVE APPLIANCE—PROMISE TO REPAIR.

As a general rule, to justify a servant in remaining in the service in reliance on the master's promise to repair defective machinery or appliances it is not necessary that a definite time for making the repairs should be fixed, as a reasonable time will be implied, in the absence of an express agreement.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and servant, §§ 641-644.]

2. SAME—ACTION FOR INJURY OF SERVANT—COMPLAINT.

A complaint in an action by a servant of a corporation to recover for an injury alleged to have been caused by a defective appliance is not subject to demurrer, because, in alleging a promise by defendant to repair the appliance, it does not state by what officer or agent the promise was made.

At Law. On demurrer to complaint.
See 139 Fed. 350.

Henderson & MacMillan, for plaintiff.
S. Summerfield, for defendant.

HAWLEY, District Judge (orally). This action was brought by plaintiff, who was a yard switchman in the employ of defendant, at Winnemucca, Nev., to recover damages for injuries received by the negligence of defendant. It is, among other things, alleged in the complaint that on the 26th day of October, 1903, the defendant failed and neglected to perform the duties which it owed to plaintiff, in this, to wit:

"That it negligently maintained in said yard at the west end thereof, beside track No. 1, an old, worn, loose, bent, and defective switch stand, too close to said track. That said switch stand consisted of a base which sat upon a tie on the ground beside said track, an upright shaft or rod leading about three feet three inches from said base into the air, at the top of which sat a lamp upon upright forks, and also four arms projecting eight inches from said shaft or rod on the four sides thereof; that the said shaft was so loose and bent that it leaned towards said track, and by reason of the said switch stand being maintained so close to said track, and by reason of the said shaft being so loose and bent that it leaned toward said track, one of said arms and said lamp upon said switch stand stood but four or five inches from cars and cabooses passing by the same upon said track so that switchmen riding on sides and steps of such cars and cabooses by said switch stand would be struck thereby. (6) That plaintiff had not noticed the condition of the said switch stand until on or about October 20, 1903, at which time he complained of the same to defendant, and defendant promised and agreed to repair the said stand, and place the same in proper and safe condition and further away from the track; that on or about the 24th of October, plaintiff again complained of the defective and dangerous condition of said switch stand, and at said time defendant again promised and agreed to put the same in a proper and safe condition, and further away from said track; that plaintiff relied upon defendant fulfilling its said promise and agreement, which said promises plaintiff alleges were the inducement for him to remain at work as switchman in said yards. But plaintiff states that defendant negligently and carelessly failed to carry out its said promise and agreements to place said switch stand in a safe and proper condition, and further away from said track, but permitted the same to remain in

such defective and dangerous condition until the time of the accident here-inafter alleged."

The demurrer to the complaint is interposed upon the ground that it does not state facts sufficient to constitute a cause of action in this: (1) That no definite time is mentioned therein as to the promise of defendant to repair the switch stand; (2) that it does not appear therefrom that the promise as made had the effect of inducing the plaintiff to remain in the employment in which he was engaged; (3) that it affirmatively appears that the switch stand was a simple mechanical contrivance, not in the nature of complicated or dangerous machinery, and that plaintiff assumed the risk of any danger therefrom; (4) that it affirmatively appears upon the face of the complaint that the situation and the nature of the switch stand was of such an imminently dangerous character that a person of ordinary prudence would have refused to continue in the service of defendant until the same was at once repaired, or its location changed; (5) that it appears from said complaint that the plaintiff with full knowledge of the imminent danger, waived defendant's promise to repair, and assumed all risk of danger arising from defendant's failure to make the repairs; (6) that it appears from the complaint that plaintiff's injuries were proximately caused by reason of his contributory negligence. It is further claimed that the complaint is uncertain (1) because it does not state any time whatever within which defendant promised or agreed to make the repairs; and (2) that it does not state who of defendant's officers, agents, or employés made the promise.

It is manifest that most of these points might more properly arise at the trial upon the evidence. Does the complaint state facts sufficient to constitute a cause of action? This is the real point involved herein. The complaint is not radically defective because no definite time is stated within which the defendant promised to repair the switch stand. Buswell, Law of Personal Injuries, p. 436, § 212. The averment, as made in the complaint, necessarily implies that the repairs were to be made within a reasonable time.

In Labatt on Master and Servant, p. 1186, § 419, the author says:

"Reason and analogy are in favor of the position expressly taken in one case that, in order to justify a servant in relying upon his master's promise to repair defective machinery, it is not necessary that any time for making repairs should be fixed, as a reasonable time will be implied in the absence of an express arrangement."

In Swift & Co. v. Madden, 165 Ill. 41, 47, 45 N. E. 979, 981, the court said:

"It was not necessary that the foreman should fix a definite time when the repairs should be made to enable plaintiff to recover for an injury received while engaged in the service of defendant after the notice was given. When the notice was given the foreman promised to see that the repairs should be made. This was, in effect, a promise to repair in a reasonable time, and the plaintiff could remain in the service of the defendant a reasonable time to permit the fulfillment of the promise without being guilty of negligence."

In Hough v. Railway Co. 100 U. S. 213, 225, 25 L. Ed. 612, the general rule applicable to cases of this character is announced as follows:

"There can be no doubt that, where a master has expressly promised to repair a defect, the servant can recover for an injury caused thereby, within such a period of time after the promise as it would be reasonable to allow for its performance, and, as we think, for an injury suffered within any period which would not preclude all reasonable expectation that the promise might be kept."

See, also, Parody v. Chicago M. & St. Ry. Co. (C. C.) 15 Fed. 205, 208; New Jersey & N. Y. R. Co. v. Young, 49 Fed. 723, 725, 1 C. C. A. 428; Homestake Min. Co. v. Fullerton, 69 Fed. 923, 927, 16 C. C. A. 545; Barney Dumping Boat Co. v. Clark, 112 Fed. 921, 50 C. C. A. 616; Cudahy Packing Co. v. Skoumal, 125 Fed. 470, 473, 60 C. C. A. 306.

In Taylor v. N. C. O. Ry., 26 Nev. 415, 427, 69 Pac. 858, 859, the court said:

"The general rule applicable to cases of this character, established by the great weight of authority, is that if the servant, noting a defect in the machinery, complains to the master of such defect, who promises that such defect shall be remedied, the servant may, in reliance upon the promise, continue in the service for a reasonable time thereafter without thereby assuming the risk, provided the danger is not of so imminent and immediate a character that a person of ordinary prudence would refuse to continue in the service."

There are no allegations in the complaint which take this case out of the general rules above stated. It cannot, as matter of law, solely upon the averments in the complaint, be said that the danger arising from the defects of the switch stand was so obvious and threatening that the plaintiff should have avoided it by immediately refusing to continue work, or that he assumed the risks and was guilty of contributory negligence by continuing work, after the promise of defendant to repair the switch stand, which he affirmatively alleges he relied upon, and that it was "the inducement for him to remain." Nor should the demurrer be sustained because the complaint does not allege what particular officer, agent, or employé made the promise to repair. "The general and familiar rule is that it is sufficient, in pleading an act performed by means of an agent, to plead it as the act of the principal." Lessard v. Northern Pac. R. Co., 81 Wis. 189, 191, 51 N. W. 321.

This court will not assume that the negligent act complained of was the act of one whose negligence is not imputable in this action to the principal, when the complaint directly charges the negligence to be that of the defendant. In Elliott on Railroads, p. 2706, § 1697, the author said:

"A complaint is not bad as against a demurrer because it alleges that the defendant, or the defendant by its servants and agents performed the negligent act complained of, without stating the name of the servant or agent."

Numerous authorities are there cited in support of this text.

The demurrer is overruled.