# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1910.

[No. 1230, January 6, 1910.]

JOSEPH SCHMIDT, Appellee, v. SOUTHWESTERN BREWERY & ICE COMPANY, Appellant.

### SYLLABUS.

1. The master is liable for injury to servant by means of defective appliance where the defect was known to both master and servant, the defect being not so palpably dangerous that an ordinarily prudent, careful, cautious man would refuse to use it, the master having promised to repair and requested the servant to use the appliance until repaired, and where servant relied upon the promise of the master to repair.

2. The master is liable, during the running of his promise to repair a known defect, in all cases, unless the servant, either by continuing the service an unreasonable length of time or by the use of the appliance when in an imminently dangerous condition, has by his own conduct released the master.

3. There is no error in the refusal of an instruction which even though sound is not applicable.

4. Verdict of $7,500 for plaintiff not excessive. Quaere? It was for the jury alone to choose between the testimony of the plaintiff and that of the physician who testified for the defendant.

Schmidt v. Southwestern Co.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice. Affirmed.

MARRON & WOOD for Appellant.

The law imposes on the master only the obligation to use reasonable and ordinary care, skill and diligence in the matter of machinery and appliances. 20 A. & E. Enc. 74; Sherman and Redf. on Negligence, secs. 186, 189, 4 ed.; Probst v. Dellanated, 100 N. Y. 272; Brymes v. Southern Pac. Co., 27 Pac. Rep. 371, 372; 26 Cyc. 1136-38; La Batt on Master and Servant, sec. 110; Moore v. Wabash Ry. Co., 85 Mo. 588; Bailey v. R. W. & O. Ry., 139 N. Y. 302; Sweeney v. Berlin Co., 101 N. Y. 520.

Where master is liable to servant for injury caused by defects he promised to repair, the injury must be inflicted by the particular defect, specified in the promise to repair. Showballer v. Fairbanks, 88 Wis. 376; International & S. N. Ry. v. Williams, 34 S. W. 161; Halloran v. Union Iron & Foundry Co., 133 Mo. 470.

Every man is presumed sane and rational until the contrary is shown by at least a preponderance of the evidence by the one who asserts the contrary. Thompson on Trials, sec. 2524; Sackett's Instruct. to Juries 439; Wigmore on Evidence, sec. 2500; Jackson v. King, 4 Cow. N. Y. 207; Beverly's Case, 4 Coke 123, Coke's Lit. 247 a.; Jones v. Jones, 137 N. Y. 610 at 613; Taylor v. Buttrick, 165 Mass. 547; Wyatt v. Walker, 44 Ill. 485; Atrip v. Ramake, 96 Va. 277.

The servant is required to exercise ordinary prudence. If the instrumentality by which he is required to perform his services is so obviously and immediately dangerous that a man of common prudence would refuse to use it, the master cannot be held liable for the resulting damage even if the servant relied on the master's promise to repair. District of Columbia v. McElligott, 117 U. S. 681; Dowd v. Erie Railway Company, N. J. 1904, 57 Atlantic 248; Thomas v. Quartermaine, L. R., 18 Q. B. Div. 686-697; Patterson v. Pittsburg Railway Co., 76 Pa. St. 389, 18 Am. Rep. 412; Ind. & St. L. Ry. Co. v. Watson, 114 Ind. 20; Clark v. Holmes, 7 Hurls, and N. 937; St. L. A. & T.

Ry. Co. v. Kelton, 55 Ark. 483; Tex. & N. O. R. Co. v. Bingle, 9 Tex. C. A. 382; McAndrews v. Montana Ry. 15 Mont. 290.

The measure of damages for personal injury, causing loss of time, is the wages actually lost, and not the market value or average wages of a person of plaintiff's average capacity working in the same employment. Braithwait v. Hall, 168 Mass. 38. Whenever plaintiff has been able to earn as much since as before the injury the jury should not consider the item of impairment of earning capacity. 8 A. & E. Enc. 654; Kane v. Railroad Co., 85 Ga. 858; M. C. Ry. Co. v. Mitten, 13 Tex. C. A. 653; Leeds v. Metropolitan Co., 90 N. Y. 26.

The damages awarded were excessive and grossly disproportionate to the injury and indicated the jury acted from passion or prejudice. Shultz v. Griffith, 103 Iowa, 150, 72 W. 445; A. T. & S. F. R. R. Co. v. Richards, 49 Pac. Rep. 432; Drumm v. Cessun, 49 Pac. Rep. 78; City of South Omaha v. Fennell, 94 N. W. Rep. 632; Baker v City of Madison, 22 N. W. Rep. 145; Railroad v. Parks, 18 Ill. 460; Zion v. Southern Pac. Co., 67 Fed. Rep. 507; K. P. Ry. Co. v. Reavey, 34 Kas. 472; L. etc Ry. Co. v. Foley, 94 Ky. 220; L. etc., Ry. Co. vs. Lan, 21 S. W. 648; Borgeson v. U. S. Proto, 2 N. Y. App. Div. 57; Shortsleeves v. N. Y. C., 40 N. Y. Sup. 1105; Slett v. St. Nor. 53 Minn. 341; Lombard v. C. etc. Ry., 47 Iowa, 494; John v. St. Paul City Ry., 59 Minn. 45; Kenyon v. Gilmer, 131 U. S. 22; 18 Enc. Pl. & Pr. 136.

NEILL B. FIELD for Appellee.

Where a master has expressly promised to repair a defect, the servant can recover for an injury caused thereby, within such a period of time after the promise as it would be reasonable to allow for its performance. Hough v. Railway Co., 100 U. S. 213, 224-226; Sherman and Redfield on Negligence, secs. 96, 186; Sweney v. Berlin Co., 101 N. Y. 520; Conroy v. Vulcan Iron Works, 62 Mo. 35; Patterson v. P. & C. R. W. Co., 76 Pa. St. 389; Le Clair v The First Division of the St. Paul & Pacific Railroad Co., 20 Minn. 9; Brabbits v. R. W. Co., 38 Mo. 289; Cooley on Torts. 559; Ford v. Fitchburg Railroad Co., 110

Mass. 261; Laning v. N. Y. C. Railroad Co., 49 N. Y. 521; Railroad Company v. Gladmon, 15 Wall. 401; Wharton, Negligence, sec. 423, and authorities cited in note 1; Indianapolis' & St. Louis Railroad Co. v. Horst, 93 U. S. 291; Holmes v. Worthington, 2 Fos. & Fin. 533; Holmes v. Clark, 6 H. & N. 937; Clark v. Holmes, 7 H. & N. 937; Detroit Oil Co. v. Graybill, 94 Fed. 73; Gowan v. Harley, 56 Fed. 973; Lutz v. Atlantic & Pacific Ry. Co., 6 N. M. 496; Kane v. Northern Central Railway, 128 U. S. 94; 2 Bailey, Master & Servant, sec. 3073.

The court in its discretion may properly refuse to instruct as to the burden of proof. Chicopee Bank v. Philadelphia Bank, 8 Wall. 641; Reynolds v. Staab, 4 N. M. 603; Union Pacific Ry. v. Harris, 158 U. S. 331.

If here had been evidence upon which the refused instructions might have been based, no error could be predicated upon their refusal in view of the special findings by the jury. Emerson v. Metropolitan Life Co., 185 Mass. 318; Germaine v. Muskegon, 105 Mich. 213; Tesch v. Milwaukee Co., 108 Wis. 593; Hess v. Lucas, 122 Ia. 517.

Contributory negligence and assumption of risk. Emerson v. Metropolitan Life Co., 185 Mass. 318; Germaine v. Muskegon, 105 Mich. 213; Tesch v. Milwaukee Co., 108 Wis. 593; Hess v. Lucas, 122 Ia. 517; Choctaw, etc. Railroad Co. v. McDade, 191 U. S. 68; Crookston Lumber Co. v. Boutin, 149 Fed. 680.

It was for the jury to assess the damages. Vicksburg Co. v. Putnam, 118 U. S. 554; 4 Suth. Dam., 3 ed., secs. 1241, 1242, 1246, 1251; Chicago & Northwestern Co. v. De Clow, 124 Fed. 142; Chicago, etc., Co. v. Lindman, 149 Fed. 946; Union Pac. Ry. Co. v. Jones, 49 Fed. 346; Swenson v. Bender, 114 Fed. 1; Kliegel v. Atken, 94 Wis. 432.

Amount of damages awarded is not subject to review or revision by appellate court. Walker v. Southern Pacific Co., 165 U. S. 593; Railroad Co. v. Fralaff, 100 U. S. 31; Erie Railroad Co. v. Winter. 143 U. S. 75; Lincoln v. Power, 151 U. S. 437.

## OPINION OF THE COURT

PARKER, J.—This is an action for damages for personal injuries. It appears that plaintiff below was a brewer engaged in brewing beer for defendant below. In the course of his duties he used a covered kettle or cooker in which the materials for the manufacture of beer were cooked under steam pressure. Several months prior to the action, plaintiff noticed a leak in the cooker and called defendant's attention to the same and requested that it be repaired. Defendant requested plaintiff to examine the cooker, which he did, and repaired the same with a patch. The cooker still leaking, plaintiff by order of defendant, removed the patch and applied white lead, after which the leak was stopped. This was about three or four weeks before the accident and at that time defendant's foreman, when his attention was called to the defect, stated to plaintiff that they had to brew a couple of times more until the new bottom was installed and instructed plaintiff to put on the other patch and to proceed with the use of the cooker. Afterwards another leak appeared and was, by common consent, repaired by the plaintiff in the same manner. The cooker still continuing to leak and plaintiff continuing to complain of its condition and defendant still urging plaintiff to continue to use the cooker, about the last of November or the first of December, 1905, a boiler maker was summoned and, in pursuance of his opinion as to the requirements in the way of repairs, a new bottom for the cooker was ordered. Plaintiff testified that the day of the accident, January 2d, 1906, he had another talk with the foreman and asked him "if that kettle ever get fixed and he answered me the same way back again—that it ought to have been fixed before; it generally takes two or three or four months before we ever get something done in this foundry." It appears from the testimony that plaintiff relied on the promise of repair and would not have remained in the service but for such promise. The jury found specially that the cooker, at the time of the accident, was not in such bad condition and state of repair that a man of ordinary care, prudence and precaution would have

refused to use the same, thus absolving plaintiff of contributory negligence in that regard. The jury found specially that defendant was guilty of negligence in failing to repair the cooker when required.

We have, then, a case of a defective appliance known to both master and servant; the defective appliance not so palpably dangerous from the defect as that an ordinarily prudent, careful and cautious man would refuse to use it; a promise of the master to repair and a request by the master to the servant to use the appliance until repaired; a reliance upon the promise of the master to repair by the servant; and injury to the servant by means of the defective appliance. Under such circumstances it is clear that the master is liable. Sherman & Redfield on Neg., sec. 215; Hough v. R. R. Co., 100 U. S. 213; R. R. Co. v. Young, 49 Fed. 723; Gowen v. Harley, 56 Fed 973; Detroit Crude Oil Co. v. Grable, 94 Fed. 73; Chicago, etc., Co. v. Van Dam, 36 N. E. 1024; Breckenridge Co. v. Hicks, 22 S. W. 554; Lutz v. Ry. Co., 6 N. M. 496.

1. Defendant predicates its first contention upon an alleged conflict between the special findings of the jury of negligence on its part in failure to repair and the special finding that the appliance was not so palpably dangerous as to preclude its use by a reasonably prudent person, and the general verdict for plaintiff. It is perfectly apparent, however, that the contention is unsound and based upon an erroneous view of the law. During the running of the promise to repair a known defect the master's liability is a continuing one and the servant, relying upon the promise, may recover in case of accident resulting from the defect, although obvious, if the claim to damage is otherwise well founded. If the performance of the promise to repair is unreasonably delayed the servant may, under some circumstances, be held to have assumed the risk of the employment, and if the defect renders the service so imminently dangerous that no prudent person would continue in it, the servant is guilty of contributory negligence or has assumed the risk and cannot recover. Thus the master is liable,.

during the running of his promise to repair a known defect, in all cases unless the servant, either by continuing the service an unreasonable length of time or by the use of the appliance when in an imminently dangerous condition has by his own conduct released the master.

2. The second contention of defendant is that the court refused certain instructions offered. They were based upon the proposition that the master's liability is limited to the injuries caused by the particular defect covered by the promise to repair and were, no doubt, sound, if applicable. But they presented a proposition having no application to this case. As before seen, the defect covered by the promise was a defective bottom for the cooker and it was not confined to any particular crack or defect therein. The proofs show that the injury was caused by the defective bottom of the cooker. There was, therefore, no error in the refusal of the instruction.

3. Defendant complains of the refusal of the court to give requested instructions that the burden of proof was on the plaintiff to show himself incompetent at the time he executed a release of his cause of action to the defendant. We fail to understand how such complaint could be made here in view of the tenth and eleventh instructions of the court, which fully and correctly explain the nature of the mental disability necessary to be present in order to avoid its release; and direct them that the burden was on the plaintiff to establish such disability.

4. Defendant complains of the refusal of the court to give requested instructions on the subject of contributory negligence of a servant in using an appliance of an eminently dangerous character. The action of the court was correct in this regard. The contributory negligence of plaintiff pleaded and relied on by defendant was the alleged negligent method of the use of the appliance and had no reference to the subject covered by the requested instruction.

5. The defendant complains of the court's instruction as to the measure of damages and of its refusal to give requested instructions on that subject. It appears that from the time of the action down and to about two months

before the trial, [when the plaintiff voluntarily left the employ of defendant], defendant paid him the same amounts per month as he had formerly received and even slightly increased the same during part of the time. Defendant presented an instruction expressly excluding from the jury any consideration of loss of wages prior to the trial which, of course, if no other consideration intervened, would be correct. But it appears from a release of his cause of action by plaintiff to defendant, which defendant pleaded and relied upon, that the wages paid him during the time he was actually incapacitated from any labor were paid as a part of the consideration for said release and not as wages. It thus appears that there was loss of time to be compensated by defendant to plaintiff and the instruction given by the court of its own motion, which permitted compensation for loss of time prior to the trial was correct. Counsel for defendant seek to put upon the instruction given by the court a construction which we do not think it will bear and which is to the effect that it authorized the jury to award to the plaintiff damages for loss of time at a rate of wages or compensation different or greater than the plaintiff's earning capacity was shown by the evidence to be. An examination of the instruction, however, shows that the same taken in connection with the evidence, will not bear such a construction.

6. Defendant complains that the verdict is excessive. The jury awarded seven thousand five hundred dollars ($7,500.00) less nine hundred ten dollars and thirty cents ($910.30) which had been paid by defendant for medical and hospital fees and expenses and monthly allowances during the time plaintiff was wholly incapacitated.

Plaintiff was scalded by the boiling contents of the cooker. He exhibited his hands to the jury and testified that he could no longer work as formerly because his hands were stiff; that he could not take hold of anything and hold it tight; that his fingers were stiff and that when the weather changed they were in worse condition; that at times they felt paralyzed; that he suffered so much pain that he was unable to sleep at night. Defendant produced medical testimony to the effect that plaintiff was fully re-

stored and as capable as before the accident. The court submitted to the jury the question of damages for past and future loss of earning power and past and future pain and suffering. The jury found, as before stated. We are unable to say that the award was above the actual loss. The condition testified to was of such a character, if true, **4** as necessarily to be more or less permanent, and the jury alone were to choose between the testimony of the plaintiff and that of the physician who testified for the defendant.

There being no error in the record the judgment of the court below will be affirmed, and it is so ordered.