### BAIRD v. REILLY.

#### (Circuit Court of Appeals, Second Circuit. January 25, 1899.)

#### No. 46.

1. MASTER AND SERVANT—UNSAFE PLACE TO WORK—LIABILITY OF MASTER.
    There is an implied contract on the part of a master that he will see to it that the place where his employé is required to work is reasonably safe, and this obligation is not satisfied by devolving it on a subordinate; but if the place is originally safe, but becomes unsafe during its use by the servants through the negligence of a fellow servant, such fact is a defense to an action against the master for an injury resulting.

2. EVIDENCE—HOSPITAL RECORD.
    A hospital record, containing remarks regarding a patient entered thereon by a nurse, is not competent evidence to prove the facts therein stated.

In Error to the Circuit Court of the United States for the Southern District of New York.

J. Woolsey Shepard, for plaintiff in error.

H. C. Smyth, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. This is an action for negligence, brought to recover for injuries received by the plaintiff, while in the employ of the defendant, by the caving in of a trench. The defendant, under a contract with the city of New York, was laying a system of water pipes in one of the streets, and for that purpose had caused a trench to be made, about ten feet deep and five or six feet wide. The plaintiff had nothing to do with cutting the trench, which had been going on for several weeks, but was one of a gang of men sent into it, after it had been cut, to lay the pipes upon the bottom. There was evidence upon the trial tending to show that, at that part of the trench which caved in, it had been cut through soil which in places was loose and soft. A steam engine and derrick, weighing about 20 tons, mounted upon a four-wheel platform straddling the trench, had been

used in the progress of the work over the place which ca'ved in for several days previously. A competent foreman was in charge of the general work for the defendant, and he had been provided with all the necessary materials and appliances for protecting the side walls of the trench, but had not used them at that part of the work, because, in his judgment, it was not necessary. Error is assigned of the refusal of the trial judge to direct a verdict for the defendant, of his refusal to instruct the jury as requested on the part of the defendant, and of various rulings upon the trial in respect to the evidence.

The case was submitted to the jury by the trial judge upon instructions which accurately and adequately stated the rules of law applicable to the controversy, and presented the real questions of fact which the jury were called upon to decide. As there were questions of fact, which could not properly have been taken from the consideration of the jury, his refusal to direct a verdict was plainly right, and does not merit discussion. The request to instruct the jury, which he refused, was, in substance, that if they found from the evidence that the defendant had selected a foreman who was competent to take charge of the work, and had given him proper instructions, and if the cave-in occurred by reason of the foreman's subsequent neglect to shore up the trench, the neglect, if there was any, which caused the accident, was that of a co-servant of the plaintiff, and the defendant was not responsible. An employer is not relieved from responsibility to an employé, who has been injured in consequence of his failure to make the working place reasonably safe, by proof that he employed a competent superintendent or foreman, supplied him with necessary appliances, and gave him all needful instructions for the purpose. He cannot escape responsibility by delegating his duty in this behalf to another, because it is his implied contract with the employé that he will see to it that the working place is reasonably safe, in view of the character of the work to be performed; and this obligation is not satisfied by devolving it upon a subordinate. When, however, it appears that the working place originally, and when the employé was sent to do the work there, was reasonably safe, but became unsafe at the particular time of the accident by causes that could not have been anticipated, by exigencies created in carrying out the details of the work, or by the neglect of a fellow servant, a different rule is applicable. The employer's obligation towards an employé does not oblige him to keep the working place in a safe condition at every moment of the work, so far as its safety depends upon the due performance of their work by the fellow servants of the employé. Armour v. Hahn, 111 U. S. 313, 4 Sup. Ct. 433; Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021. The question of fact here is exhibited by an excerpt from the charge of the trial judge, as follows:

"The theory of the plaintiff is that the trench in which the defendant set the plaintiff to do the work was not a reasonably safe place for him to work in, or, in other words, that the master had not been reasonably careful and prudent in protecting that trench against accidents which might be expected to occur. It does not need any evidence to tell us that for a slight excavation in the ground, with perfectly hard banks, it is wholly unnecessary to do anything except to cut your trench; nor do we need any evidence to tell us

that if we go down far enough, and the side walls are sufficiently soft, the time will come when they are likely to cave in, unless shored. In the case of those two extremes, we need no experience to inform us about it. The question here arises as to the situation between those two extremes. When does the time arrive when the trench will need to be sheet-piled,—shored up? And was this trench in such a condition that, in the exercise of reasonable prudence, the defendant should have protected it by shoring?"

Assuming the evidence about the character of the soil to be true, the facts justified the jury in finding that in the absence of shoring or sheet-piling, such as it was customary to use when water pipes were being laid in the city of New York in trenches of depth, the working place to which the defendant was sent was not a reasonably safe one. There was no evidence tending to show that it became unsafe after he was sent there, and it would therefore have been error to have granted the instruction requested.

We have examined the exceptions to the rulings of the trial judge upon evidence, of which error is assigned, and find no error. It was proper to admit testimony showing that it was usual, when constructing similar works in the streets of New York, to protect the trenches from caving in by putting in sheet plank and braces. It was proper to exclude from the consideration of the jury that part of the hospital record which consisted of the remarks of the nurse who attended the plaintiff. If she had been called as a witness, this part of the record might have been competent for use by her to refresh her memory. It was not competent as independent evidence of the truth of the statements.

While we are not satisfied with the conclusions reached by the jury in this case, there was evidence to support them, and we can find no reason for reversing the judgment. It is accordingly affirmed.