### ORMAN et al. v. SALVO.

(Circuit Court of Appeals, Eighth Circuit. July 28, 1902.)

#### No. 1,741.

1. PLEADING—DEFECTS—WAIVER.

Where defendants did not, by any pleading or otherwise, before the trial, raise any question of variance in respect to their own proper names, but in their answer adopted as their own the names by which they were designated in the complaint, it was too late upon the trial to first make that objection.

2. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE — SUBMISSION OF ISSUE.

A servant assisting in the making of an excavation was sleeping in a tent near the work, when a stone thrown by a blast fell through the tent, injuring him. In an action for the injuries, evidence was conflicting as to whether he had been warned of the blast. Held, that the question whether the warning of the blast was given plaintiff was fairly left to the jury, with instruction that if he had such warning, and failed to go to a place of safety, he was not entitled to recover.

3. SAME—FELLOW SERVANTS.

A servant assisting in the making of an excavation was sleeping in a tent near the work, when a piece of rock thrown by a blast fell through the tent, injuring him. In an action against the master, it appeared that plaintiff was boarded and lodged in the tent by the master, and that at the time of the accident the "shift" to which he belonged was not at work. Held, that the fellow-servant doctrine had no application, inasmuch as at the time of the accident plaintiff was not a fellow servant of any of the other servants.

4. SAME—DUTY OF MASTER.

It was the duty of the master to give plaintiff timely warning of the blast.

---

¶ 3. Who are fellow servants, see notes to Railroad Co. v. Smith, 8 C. C. A. 668; Railway Co. v. Johnston, 9 C. C. A. 596; Flippin v. Kimball, 31 C. C. A. 286.

See Master and Servant, vol. 34, Cent. Dig. § 383.

In Error to the Circuit Court of the United States for the District of Colorado.

In the month of July, 1900, the partnership firm of Orman & Crook, defendants below, were engaged in the construction of a railroad grade between Colorado Springs and Cripple Creek in Colorado, and employed in that work a large number of men, who, to keep the work in progress, were divided into day and night shifts; the night shifts working from 7 o'clock in the evening until 6 o'clock the next morning, and the day shifts the remainder of each day. Antonio Salvo, the plaintiff below, was, at and for some time prior to the injury complained of, a laborer in the employ of defendants, and boss of a night shift of such laborers, engaged in the excavation of a tunnel, near the opening of which other shifts of defendants' employés were excavating a cut; all such excavations being in rock, which had to be loosened by blasting. The defendants boarded and lodged the laborers working with plaintiff in tents, which they had provided and placed so near to this work of excavation that the tents were in danger from falling rocks whenever a large blast was exploded in the cut; and as the men slept in these tents during the hours when their shifts were not at work, it had been the custom for the men in charge of such blasting to cause the men sleeping in these tents to be awakened and warned of the danger, that they might seek places of safety before the explosion of such large blasts. On July 10, 1900, about 3 o'clock in the afternoon, and while the plaintiff and other men of his night shift were asleep in one of these tents, a blast in the work of excavating the cut, wherein about 35 pounds of giant powder and 8 kegs of black powder had been placed in a hole 18 or 20 feet deep, was exploded, and thereby pieces of rock were thrown upon and through the said tent, striking the plaintiff, and breaking an arm and a leg. There was contradictory testimony as to whether, before the explosion of such blast, warning had been given to the plaintiff or to the other laborers then occupying the same tent.

W. H. Bryant (C. S. Thomas and H. H. Lee, on the brief), for plaintiffs in error.

George P. Steele, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

As the defendants did not, by any pleading or otherwise, before the trial, raise any question of variance in respect to their own proper names, but in their answer adopted as their own the names by which they were designated in the complaint, it was too late upon the trial to first make that objection.

The question of whether warning of the coming blast was given to the plaintiff was fairly left to the jury, with instruction that if he had such warning, and failed to go to a place of safety, he was not entitled to recover.

The argument principally relied on by defendants' counsel—namely, that if the plaintiff was not warned of the coming danger, the failure to give such warning was the negligence of a fellow servant—cannot be maintained upon the pleadings and evidence in this case. To permit the application of the fellow-servant doctrine, the injured servant must at the time of the injury not only be serving the same master, but be engaged in the same employment with the negligent servant who caused the injury. Wood, Mast. & Serv. § 435. The

answer admits that defendants furnished the tent for boarding their employés, and for their lodging, and that it was the custom and rule of defendants to have one of their employés warn every one in the vicinity of a blast of the fact that it was about to be discharged, and that plaintiff was at the time of this blast in the tent, resting between his intervals of labor. The evidence shows without contradiction that plaintiff was boss of a night shift, and was not engaged in work, but resting and sleeping in the tent from 6 o'clock in the morning till 7 o'clock in the evening every day, and that the blast which caused his injury was discharged about 3 o'clock in the afternoon, during his time for rest and sleep. Plaintiff occupied the tent, not as a boarder or tenant, but as a servant of the defendants, and his board and lodging was received in part compensation for his services. Wood, Mast. & Serv. § 155. But while engaged at his meals or wrapped in slumber he was performing no services for the master, and being in the performance of no employment, but obtaining and enjoying compensation from the master, he was not during such time the fellow servant of any of the employés who were at work, about which he was in no way engaged or assisting. He was not in the condition of a servant who is being conveyed in a car to his work, but was as much separated from it as if he had been sleeping in his own home a mile away. The master, who had furnished him this lodging, located at a place made dangerous by the discharging of blasts in conducting the master's business, owed him the duty of giving him timely warning, to enable him to avoid the danger. The verdict determined the fact that this duty was not performed, and that plaintiff's injuries resulted from this failure. There were no errors in the rulings or charge of the court which are prejudicial to the defendants, and the judgment is affirmed.