### WESTERN ELECTRIC CO. v. HANSELMANN.

(Circuit Court of Appeals, Second Circuit. March 8, 1905.)

#### No. 131.

1. MASTER AND SERVANT—INJURY OF SERVANT—UNSAFE PLACE TO WORK.

Where plaintiff, an employé, was sent to work where he was obliged to stand partly inside the doorway of elevator shafts, and was struck and injured by one of the cars, which were continued in use by other servants, who had been directed by the master to give plaintiff warning of the approach of the cars, which in this instance was not done, the facts justified a finding by the jury that the master did not perform its duty in respect to furnishing plaintiff with a safe place to work, in that it did not either stop the cars, or provide some one who should devote his attention to keeping watch, so as to give plaintiff due warning.

2. SAME—DANGER FROM SEPARATE WORK OF FELLOW SERVANTS—DUTY OF MASTER TO GIVE WARNING.

Where a servant is set to work in a place safe in itself, but in which he is exposed to danger from the doing of work by other servants not connected with his own, the master is bound to employ the necessary means to give him timely warning of such danger, and cannot delegate such duty to any other person, so as to relieve himself from liability for the negligent failure to give such warning.

In Error to the Circuit Court of the United States for the Eastern District of New York.

This cause is brought here by writ of error of defendant below from a judgment entered by the United States Circuit Court for the Eastern District of New York in favor of plaintiff for $7,131.88 damages for personal injuries.

John Notman, for plaintiff in error.

Louis Hicks, for defendant in error

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. The material testimony on behalf of the plaintiff was in effect as follows:

The defendant sent the plaintiff to repair the door switches of certain elevators in the front of a building where there were, altogether, eight or nine elevators. In order to work on the switches, it was necessary that he should reach in from the outside of the shaft, and stand with one foot inside the shaft, on the cross-girder between two elevators, one local and one express, using his left hand to hold him in this position, and, while facing the wall, use his right hand to work. When the elevator cars came up and down, he swung himself back out of the shaft with his left hand, and allowed them to pass. On the day before the accident the elevator boys had said they would rattle the lever of the elevator to let plaintiff know when they were coming, and they had done so and plaintiff was satisfied with said warning, and had gotten out of the way. While he was working on the day of the accident, defendant's foreman asked him how he was getting along, and he said, "All right," but that one of the elevator boys had hit his arm with the car the day before. The foreman told the boys to be careful, and asked plaintiff whether they let him know when they were coming, and he replied: "Yes; they rattle the lever, and give me time to get out of the shaft." Thereafter they continued to rattle the lever until the car came up on the trip when plaintiff was struck, when no warning was given. The plaintiff did not watch for the approach of the cars, as he could not do so and attend to his work. The elevator cars were frequently passing up and down, and the plaintiff was changing from one floor to another, wherever work was to be done.

The elevatorman who ran the car which struck the plaintiff testified as follows:

"That car goes very fast. I was going at the usual rate of speed when I struck Hanselmann. * * * There was nobody in the elevator with me to assist me in looking out for Hanselmann. I didn't have to have any one. * * * I couldn't see through the bottom of the elevator. * * * It was by looking through the side that I could see Hanselmann above."

The foreman testified:

"I did nothing to secure Hanselmann against the running of the elevator, because I didn't think it necessary, * * * because what I told him to do didn't require him to get out into the shaft."

It did not appear whether or not one of these elevators could have been conveniently stopped during the time while plaintiff was at work in the shaft.

In these circumstances, it is unnecessary to discuss the assignments of error by reason of the refusal of the court to direct a verdict for the defendant on the ground that defendant had provided a competent man to give a warning of the approach of the car, which was satisfactory to the plaintiff, and that said competent man was a fellow servant of plaintiff. The jury may well have found upon the evidence that the defendant had assumed the responsibility of using due precautions to give timely warning of the

approach of the car, and that, after the knowledge of the danger had been brought home to defendant's foreman who directed the performance of the work, and he had undertaken to instruct the elevatormen as to their duty, the warning thereafter given was by the direction of defendant. They would have been justified in finding that defendant did not discharge its duty to use reasonable precautions to provide plaintiff with a safe place to work, because of the admitted failure of defendant to temporarily stop the running of said car or to do anything, except as aforesaid; because of its failure to provide any one to give warning on the floor where plaintiff was working, or in the cars, where the elevatormen must necessarily have been so engrossed in answering calls, stopping to let passengers off, opening and closing the doors, and operating the car, that they could not reasonably have been expected to be attentive to the plaintiff and his situation of danger, and that the accident was the direct result of such neglect. McLaine v. Head, 71 N. H. 294, 300, 52 Atl. 545, 58 L. R. A. 462, 93 Am. St. Rep. 522; Louisville R. R. v. Hanning, 131 Ind. 528, 31 N. E. 187, 31 Am. St. Rep. 443; The Pioneer (D. C.) 78 Fed. 600, 609.

But independently of these considerations, the case presented is one where a servant is directed to work in a place safe in itself, but where, by reason of other and independent work pertaining to the business of a common master, the servant is exposed to perils arising from the doing of such distinct and independent work. The authorities are irreconcilably in conflict as to the liability of an employer when by his direction or by an arrangement between employés engaged in a common employment, one of the employés undertakes to warn another of the perils arising in the course of said employment, due to the performance of the common work. In the case at bar, however, the facts call for the application either of the well-settled rule that a master is liable when he either fails to provide for giving warning of danger or intrusts the duty of giving such warning to an employé so engrossed with other duties that he could not properly and efficiently give the necessary warning, or of the other equally well settled rule, established by repeated decisions in other jurisdictions and in this circuit, that when the perils to be apprehended arise either from outside and independent conditions, or from the doing of other extraneous work by defendant's servants, distinct and separate from the work in which the particular servant is engaged, the master is bound to employ the necessary means to give timely warning of such danger, and that he cannot delegate his duty to any other person, so as to relieve him from liability for the negligent failure to give such warning. Toledo Brewing & Malting Co. v. Bosch, 101 Fed. 530, 41 C. C. A. 482; Orman v. Salvo, 117 Fed. 233, 54 C. C. A. 265; Gustav Pantzar v. The Tilly Foster Iron Mining Co., 99 N. Y. 368, 2 N. E. 24; Catherine McGovern v. Central Vermont Railroad Co., 123 N. Y. 280, 25 N. E. 373; Belleville Stone Co. v. Mooney, 61 N. J. Law, 253, 39 Atl. 764, 39 L. R. A. 834; Smith v. Baker [1891] App. Cas. 325.

In this circuit this rule has been repeatedly considered and ap-

plied. Thus in Kennedy v. Grace & Hyde Co. (C. C.) 92 Fed. 116, affirmed 99 Fed. 679, 40 C. C. A. 69, plaintiff was at work for defendant on timbers raised above the street. A wagon struck one of the guys, and thereby plaintiff was thrown from the timber and seriously injured. The court below distinguished between the cases where the progress of the work itself affected the question of safety or caused the peril, and those where the accident occurred by reason of a failure to give warning of a danger with which the work in which the plaintiff was engaged had nothing to do. This court, in reviewing the decision below, affirmed the distinction, and held further as follows:

"The subject which is contained in the defendant's assignment of error that the plaintiff assumed the risk of his position and of the conditions as they existed was fully considered in Railway Co. v. Archibald, 170 U. S. 665, 18 Sup. Ct. 777, 42 L. Ed. 1188, and it is sufficient to say that the plaintiff did not assume the risk of the employer's neglect to furnish a reasonably safe system of protection against the danger from injury by passing vehicles."

So, in Baird v. Reilly, 92 Fed. 884, 35 C. C. A. 78, where plaintiff was injured by the caving in of a trench, with the cutting of which he had had nothing to do, but in which he had been directed to lay pipes, and it appeared that a competent foreman had been placed in charge of the work, provided with all necessary materials for the protection of the side walls, but had not used them at this point because he thought they were not necessary, this court said:

"An employer is not relieved from responsibility to an employé, who has been injured in consequence of his failure to make the working place reasonably safe, by proof that he employed a competent superintendent or foreman, supplied him with the necessary appliances, and gave him all needful instructions for the purpose. He cannot escape responsibility by delegating his duty in this behalf to another, because it is his implied contract with the employé that he will see to it that the working place is reasonably safe, in view of the character of the work to be performed, and this obligation is not satisfied by devolving it upon a subordinate."

In the Magdaline (D. C.) 91 Fed. 798, Judge Thomas said as follows:

"A master may not place his servant at a work made dangerous by the nature of the work of other servants, or persons performing work under contract, without due effort to furnish adequate protection, and, when injury arises, escape upon the plea that, but for the negligence of a co-servant or third person employed on the premises, the injury would not have happened."

To the same effect is the decision in the Ninth Circuit in The Pioneer, supra, where a shipwright was engaged in making repairs in the hold of a vessel, and when he came on deck was injured by being struck by a barrel which was being swung into the hold. A general warning of this danger had been given, but it was doubtful whether plaintiff had heard it, and the mate, who supervised the loading, was so occupied with his duties that he could not give timely warning. Judge Morrow held as follows:

"In the view taken by the court, no question of the negligence of a fellow servant can arise in this case. The injury to respondent, under all the facts of the case, arose by virtue of the breach on the part of his employers, the petitioners, of a personal duty which they impliedly owed him, to see to it that the places on the vessel in which he was compelled in the course of his employ-

ment, and by reason of the nature of his duties, to proceed to and from, should be reasonably safe and free from danger; and, having failed to fully and properly discharge this personal duty, it is such negligence as entitles the respondent to recover for the damages he proximately sustained thereby."

It is unnecessary to discuss the other points made by defendant. If the conversation with the foreman was not binding on defendant, then the evidence shows an utter failure of defendant to take any measures for warning plaintiff of the perils to which he was exposed in the place where he was directed to work, and defendant is liable, under all the authorities.

The judgment is affirmed.