[No. 7375. Decided October 3, 1908.]

## HATTIE HILGAR, *Respondent*, v. THE CITY OF WALLA WALLA, *Appellant*.[1]

MASTER AND SERVANT—SAFE PLACE—EXCAVATIONS—EVIDENCE OF NEGLIGENCE—SUFFICIENCY. It is a fair inference that a place was rendered unsafe by the negligence of the master where the evidence showed that, in excavating for a pipe line where the pipe forked, a tongue of earth was left, that the removal of the same was attempted under the direct supervision of a foreman, by undermining and pushing over sections, one of which fell on the deceased while working as instructed at a certain place, and that the sections were too long to be handled with safety unless braced.

SAME — CONTRIBUTORY NEGLIGENCE — ASSURANCE OF MASTER — OBVIOUS DANGERS. An employee is not guilty of contributory negligence in working in a ditch seven feet deep, undermining a section of earth, where it appears that he was called by the foreman from other work and instructed to assist in that particular work at a certain place; since he had a right to rely on the assurance of the master as to the safety of the place selected, unless the danger was so obvious that there could be no two opinions about it.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered March 4, 1908, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, in an action for the wrongful death of an employee. Affirmed.

*Oscar Cain* and *John C. Hurspool*, for appellant.

*Garrecht & Dunphy*, for respondent.

FULLERTON, J.—In January, 1907, the city of Walla Walla was engaged in putting in a pipe line for the purpose of conveying water from the source of supply down to the city. A large ditch had been dug in which to lay the pipe, which, at the place of the accident hereinafter mentioned, was some seven feet in depth. At that place, also, it was desired to put a fork in the pipe line, and to that end the

[1]Reported in 97 Pac. 498.

ditch had been forked, leaving a tongue of earth between the forks, which ranged in width from a few inches at the point of junction to four or five feet at a point some sixty feet therefrom. In laying the pipe, it was found necessary to remove this tongue of earth, and workmen under the direction of a foreman were placed at that duty. The method adopted was to cut it off into sections, undermine the section on one side, push it over, and throw the crumbled earth from the ditch. One such section, some ten feet in length, had been thrown down, and the workmen were engaged on the second section, when it fell, crushing and killing William H. Hilgar, the husband of the respondent, and the person for whose death she sues in this action.

The evidence concerning the surroundings, and the conditions immediately preceding and at the time of the accident, is conflicting. That most favorable to the respondent's contention, and which the jury must have believed in order to reach their verdict, tended to show that Hilgar was not a part of the crew who were originally put to work removing the earth, but that he was connected with the work of laying the pipe, and came to the ditch at the foreman's call after the first section had been thrown down, and after an unsuccessful effort had been made to throw the second; that he was instructed to take a pick and undermine at a particular place, and that while he was doing so the earth fell on him and crushed him. The evidence also tended to show that the section they were attempting to throw down was too long to be handled with safety unless braced or otherwise made secure while the process of undermining was being carried on, and that everything was done under the direct supervision of the appellant's foreman, who stood on the tongue just beyond the end of the section to be thrown down, and directed the workmen when and where to dig, and when to make an effort to push the section over. The jury returned a verdict in favor of the respondent, and from the judgment entered thereon this appeal is taken. On the appeal no question of law

is presented save that the evidence is insufficient to justify the verdict.

While counsel have filed able and exhaustive briefs, we do not feel that the case requires more than a brief discussion upon our part. We think that the questions, whether the death of Hilgar was caused by the negligence of the city, and whether he was guilty of contributory negligence in case negligence on the part of the city be found to exist, were questions to be determined by the jury. A master who puts his servant to work in a ditch or other excavation stands under an obligation, when he takes upon himself the direction and control of the work, to see that the place is reasonably safe when the servants enter it, and is kept reasonably safe as long as the servant is required to stay therein. It seems to us that it is a fair inference from the evidence that this was not done in the present instance; it is a fair inference that the place was rendered unsafe because too long a section was attempted to be thrown down at one time, and no precautions were taken to prevent accident in case of a mistake of judgment. These were questions at least on which the minds of men might reasonably differ, and being so, it is the province of the jury, and not the court, to draw the inference.

So, likewise, on the question of the injured person's contributory negligence. Since the master called him from other work to assist in this particular work, and assumed to direct and control his manner of doing the work, he was under no primary duty to inquire into the safety of the place where he was told to stand while working. He had the right to assume that the master had already inquired into the conditions, and would either direct him into a reasonably safe place, or warn him of the dangers of the place into which he was directed, so that he could either refuse to work there or take his own precautions for safety. The servant has the right to rely upon the assurance of the master, implied from the fact that he is directed to work in the particular place, that the place selected for him to work is reasonably safe.

It is only when the danger is so plain and obvious that no two opinions can be had concerning it, that the servant assumes the risk of the conditions over the positive assurance of the master that it is a safe place. Whether the dangers of this place were thus plain and obvious was manifestly a question for the jury.

These are the only questions presented by the record, and we think the court did not err in submitting them to the determination of the jury.

The judgment is affirmed.

RUDKIN, CROW, and DUNBAR, JJ., concur.