[No. 7920.   Department Two.   August 25, 1909.]

OLE JOHNSON, *Respondent*, v. W. H. COLLIER, *Appellant*.[1]

MASTER AND SERVANT—EXCAVATIONS—CONTRIBUTORY NEGLIGENCE—
ASSUMPTION OF RISKS—QUESTION FOR JURY.   In an action by an
employee for injuries sustained through the caving in of the walls
of a pit, whether the plaintiff was guilty of contributory negligence
or assumed the risks are questions for the jury, where it appears
that the plaintiff, a young, inexperienced man, was directed to
work in a pit dug in soft filled-in earth, which was soaked with
water, that he did not know of the danger, was informed that the
sliding earth did not amount to anything, and that two experienced
men were working in the same pit at a more dangerous place than
that assigned to the plaintiff.

COSTS—APPEAL—FAILURE TO APPEAR.   Where respondent does not
appear in the supreme court, he is not entitled to costs upon affirm-
ance of the judgment.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered July 7, 1908, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
personal injuries sustained by an employee through the
caving in of the walls of a pit.   Affirmed.

*Ballinger, Ronald, Battle & Tennant*, for appellant.

MOUNT, J.—The plaintiff recovered a judgment of $909
against the defendant, on account of personal injuries.   The
defendant, W. H. Collier, has appealed.

The case was tried to the court and a jury.   The defend-
ants, as contractors, were installing an oil burning plant
in a building in Seattle.   It was necessary to dig a pit in an
alley in the rear of the building, in which pit the fuel oil
tank was to be placed.   This tank was to be connected with
the basement of the building by means of pipes.   The pit,
twelve feet long by six feet wide and about thirteen feet deep,
had been dug in the alley some three or four feet away from

[1]Reported in 103 Pac. 818.

the building. This pit was allowed to stand for several days. It filled up with water. Thereafter the plaintiff and two other men were set to work to dig the pit three feet deeper. This was done, and the fuel tank was placed in the pit. The plaintiff testified that, on the morning after the tank had been placed in the pit, one of the defendants directed him to dig a trench from the tank in the pit to the basement wall of the building. While engaged in this work, the bank of the pit caved in upon the plaintiff, and injured him. The plaintiff was a young man about twenty-one years of age. He had never engaged in this kind of work before. He testified that he did not know of the danger of the work, or of the place, and was not informed thereof, and was furnished no braces with which to secure the walls of the pit; that he told one of the defendants before the tank was placed in the pit that the earth was sliding in some, and was informed that the sliding earth did not amount to anything. It was also shown, that the earth in which the pit was dug was soft, filled-in earth; that it was soaked with water, and a large crack extended the length of the pit between it and the building. At the close of plaintiff's evidence, and again after all the evidence was before the jury, the appellant moved the court to take the case from the jury and direct a verdict in favor of appellant, which motion was denied.

The main point presented here is that the court erred in denying this motion, and it is argued that the respondent was guilty of contributory negligence as a matter of law, even though he obeyed the direction of the master in attempting to work as he was directed, and that by so doing he assumed whatever risk there was. Cases are cited from other courts which seem to support appellant's position, but we think the facts in this case bring it within the rule of *Hilgar v. Walla Walla*, 50 Wash. 470, 97 Pac. 498, where both of these questions were considered, and where we held, under similar facts, that both questions were for the jury. As bearing upon this question, the record shows, in addition to

the facts above stated, that two other persons were working in the pit at the time the respondent was injured. One, if not both, of these persons was an experienced man. These two persons were working in a more dangerous place in the pit than that in which respondent was working. They were both killed by the caving in of earth which injured the appellant. It seems reasonable to suppose that, if an experienced man would work in a more dangerous place than the respondent was working in, the respondent who was inexperienced might reasonably suppose that the place was ordinarily safe, especially when he had been directed by the master to work there, and had been told that the sliding earth did not amount to anything. We think that both these questions, under the facts shown, were properly questions for the jury.

It is also claimed that the court erred in refusing to give certain instructions, but an examination of the instructions given convinces us that these instructions were given in substance. The instructions in this case were fair, and correctly and completely covered the law of the case. We find no error therein.

The judgment must therefore be affirmed. Inasmuch as respondent has not appeared in the case by brief or otherwise, he is entitled to no costs on this appeal.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.