[No. 8545. Department One. March 25, 1910.]

H. COLEMAN *et al.*, *Respondents*, v. SECURITY SAVINGS
SOCIETY, *Appellant*.[1]

JUDGMENT—BY DEFAULT—VACATION. A misunderstanding between
counsel, in which each acted in good faith, resulting in a default
judgment, may be sufficient to warrant the court in opening the
default, where the right to trial on the merits is not denied.

TAXATION—APPORTIONMENT—TO PART OWNER—NOTICE. By Rem.
& Bal. Code, § 9234, notice of application for apportionment of taxes
on a tract of land, by the owner of a part, need not be given where
the assessed valuation of the tract is less than $2,000.

SAME—APPORTIONMENT—REDEMPTION—MISTAKE IN CERTIFICATE—
EFFECT. Proceedings for the apportionment of taxes on a tract of
land, followed by a redemption of the part of the applicant, are not
affected by a mistake of the taxing officer in describing the land in
the redemption certificate.

SAME—PROCEDURE FOR APPORTIONMENT—PRESUMPTIONS. Where an
act for the apportionment of taxes requires the treasurer to carefully
investigate and ascertain the proportionate value of the parts sought
to be segregated and divide the assessment on that basis, without
providing any procedure, he may adopt the procedure deemed most
fitting, and will be presumed to have done his full duty, in the ab-
sence of a showing that the apportionment is unjust.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered February 8, 1909, upon
findings in favor of the plaintiffs, after a trial on the merits
before the court without a jury, in an action to vacate a
tax foreclosure judgment. Affirmed.

*P. C. Shine*, for appellant.

*Cohn & Blake*, for respondents.

FULLERTON, J.—This is a proceeding by petition under the
code to vacate a judgment in a tax foreclosure proceeding.
From the record it appears that in December, 1903, the
treasurer of Spokane county issued a certificate of delin-
quency for unpaid taxes levied upon land, described as a

[1]Reported in 107 Pac. 842.

single tract, situated in that county.  In September, 1904, J. F. Congleton, one of the plaintiffs, being then the owner of a part of the property covered by the certificate of delinquency, applied to the treasurer of Spokane county, asking to have the taxes apportioned so that he might pay such part of the tax as was justly chargeable against his part of the property.  The county treasurer made the apportionment as requested, whereupon Congleton paid the tax chargeable against his property into the county treasury and took out a certificate showing its redemption from the certificate of delinquency.  Thereafter, and on October 10, 1904, the appellant, then holding the delinquency certificate, received from the treasurer the money so paid.  For the year 1904, and for each of the subsequent years, the parties owning the two tracts paid taxes upon the separate portions.  In 1907 the appellant began proceedings to foreclose his delinquency certificate against the entire tract, alleging in his application therefor that the apportionment made by the treasurer was illegal and void.  He made defendants all of the parties named as respondents in this action, causing them to be served with process, and after time for answer had expired took a judgment by default foreclosing its certificate.  This application to vacate the judgment was thereupon filed and a hearing had, at the conclusion of which the court vacated the judgment in so far as it affected the property on which the taxes were paid by Congleton after the apportionment made by the county treasurer.  This appeal was taken therefrom.

The appellant first questions the sufficiency of the showing offered by the respondents to excuse their default in the foreclosure proceedings, but without reviewing the evidence on the point, we think the respondents made out a case of mistake and inadvertence on their part sufficient to excuse their action in that behalf.  The failure to appear and defend was due to a misunderstanding between counsel, in which doubtless each was acting in good faith, but of suffi-

cient moment to warrant the interference of the court, since the appellant was not denied the right thereby to try the merits of its case.

It is next contended that the apportionment proceedings had by the county treasurer were void. This is based upon three several grounds, the first of which is that no notice was given the respondents of the application to the treasurer. But the statute (Rem. & Bal. Code, § 9234), only requires notice in those cases where the assessed valuation of the tract to be divided exceeds two thousand dollars, and here the valuation was less than that sum.

Next it is said that the description in the property in the certificate of redemption is erroneous. This is true in the sense that the part sought to be excepted from the redemption is erroneously described, but this does not invalidate the proceedings. Neither the respondents' title to the tract segregated, nor the title of the appellant to the remainder acquired by the foreclosure proceeding, depend upon this description. It was but the mistake of the taxing officer, and since the record makes clear what tract was intended, it was properly corrected in the order and judgment of the court in this proceeding.

The third ground of the objection is that the procedure pointed out by statute was not substantially followed by the treasurer in making the apportionment. But the statute prescribes no particular procedure. It provides that when an application for an apportionment is made the treasurer must carefully investigate and ascertain the relative or proportionate value the part sought to be segregated bears to the whole tract assessed, and divide the assessment on that basis, but no method of proceeding is pointed out. The officer, therefore, was at liberty to adopt the procedure that seemed to him most fitting to make the ascertainment, and in the absence of a showing that the apportionment as made is inequitable or unjust, the law presumes that the officer did his full duty in that regard.

Finally, it is objected that the petition and proofs are insufficient to sustain the judgment, for the reason that it was not alleged or proven that the taxes paid by the appellant had been tendered it. But, aside from the fact that we think the evidence fully justifies the finding that the appellant received the money paid to the treasurer at the time the taxes were apportioned by that officer, it is not necessary either to allege or prove a tender of the taxes to the appellant. The method of redeeming from a certificate of delinquency is through the county treasurer, made so by statute, and it is to that officer the redemption money must be paid. The respondents therefore sufficiently complied with the statute in this respect.

The judgment appealed from is affirmed.

RUDKIN, C. J., CHADWICK, and GOSE, JJ., concur.