### ROCKY MOUNTAIN BELL TELEPHONE CO. v. BASSETT.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1910.)

No. 1,779.

1. MASTER AND SERVANT (§§ 219, 235*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—PLACE TO WORK.

An employé, sent to work by the master in a place with which he is unacquainted, has the right to assume that the place is safe, unless the danger is plain and obvious, and is not negligent in obeying the order; nor does he assume the risk of latent dangers of which he is not warned.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 614, 710–722; Dec. Dig. §§ 219, 235.*]

2. MASTER AND SERVANT (§§ 288, 289*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—PLACE TO WORK.

Plaintiff was employed by defendant in the digging of ditches in which to place telephone wires. He was sent from the place where he had been at work into another street to work in a nearly completed ditch, which after he had been at work a short time caved in upon and injured him. About three feet from such ditch another had been dug to a consid-

---

erable depth and abandoned, and the earth from the second ditch had been thrown into it, filling and piling up over it, and it was the pressure from such earth, which was decomposed granite, which caused the cave-in. Plaintiff alleged and testified that he did not know of the existence of the first ditch, and was not told of it. *Held*, that if such allegations were true, and the condition of the first ditch was such that he would not discover it in the exercise of ordinary care, he was not chargeable with assumption of the risk, nor with contributory negligence, and that such questions were for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068 - 1132; Dec. Dig. §§ 288, 289.*]

In Error to the Circuit Court of the United States for the District of Montana.

Action by Stephen Bassett against the Rocky Mountain Bell Telephone Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The plaintiff in error was engaged in digging ditches in the streets of Butte wherein to place conduits for its telephone wires. The ditches were dug to the depth of about 5 or 5½ feet. The defendant in error was an employé of the plaintiff in error. He had been working in the ditch on Broadway. The foreman of the plaintiff in error directed him to go down to Silver street, four blocks away, together with another employé, who was a second foreman, and to receive directions from the second foreman as to what he was to do. Prior to this time the plaintiff in error had dug a ditch in Silver street, and the earth taken therefrom had been thrown to the side nearest the sidewalk. After digging to a depth variously estimated at from 3 to 4½ feet, that ditch was abandoned on account of a pipe which was found in the way, and a new ditch was dug, parallel with the first and distant therefrom about 3 feet. The dirt from the second ditch was used to fill up the first ditch, and it not only filled it completely, but it left a bank of earth about 1½ feet above the level of the street. When the defendant in error arrived upon the ground, he found the second ditch had been dug to a depth of about 4½ feet, and near it was the bank of earth which covered the first ditch, and a little further away, in the same direction, was the bank of earth which had been taken from the first ditch. There was nothing visible to indicate to him that the first ditch had been dug, unless it was the fact that two parallel banks of earth were distinctly visible on the ground. He testified that he did not know that the first ditch had been dug, and that, if he had known it, he would not have gone to work in the second, that he would have known it was dangerous, and that he would have told the foreman to place props in the ditch before going to work in it. He had been at work in the second ditch about half an hour, when a large mass of the earth between the two ditches caved in upon him, inflicting upon him serious personal injuries. The earth was decomposed granite, and the cause of its caving in was the weight of the earth which had been thrown into the first ditch and piled above it, producing a downward and lateral pressure. To the complaint of the defendant in error, which alleged negligence on the part of the plaintiff in error in not properly cribbing and propping the ditch with timber, in compliance with its duty to exercise reasonable care and diligence in making reasonably safe the place in which the defendant in error was ordered to work, the plaintiff in error denied its negligence, alleged that the defendant in error could have known the character and condition of the ground by the exercise of reasonable care and prudence, and that he assumed the risk, and was also guilty of contributory negligence.

George Y. Wallace, Jr., and H. G. & S. H. McIntire, for plaintiff in error.

Maury & Templeman and J. O. Davies, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The principal contention of the plaintiff in error is that the court denied its motion, at the close of all the testimony, for an instructed verdict in its favor, and it argues that where, by the contract of employment, the employé is to construct the appliances by which the work is to be done or made safe, the employer to furnish the proper materials therefor, the latter is not liable to the employé for any defect in such construction or adjustment of appliances, that his duty is fulfilled when he furnishes the employé suitable materials, and that the doctrine of a safe place has no application to such a case. The argument would be pertinent if it were shown that the employé in this instance had knowledge of, or ought to have discovered, from the obvious indicia upon the ground, the existence of the first ditch. But we cannot say, upon the evidence in this case, that there was upon the ground obvious evidence that the first ditch had been dug and filled, or that the defendant in error was chargeable with knowledge that it had been dug. The fact that the dirt from that ditch lay upon the ground to the southward therefrom would not necessarily apprise him of the depth, the location, or even the existence of the first ditch. So far as he could see, while it might be evidence that another ditch had been dug, it was also evidence that it had been dug and subsequently filled at the point where the earth lay, a point so far away as to occasion no danger of caving in.

The rule that, where employés are to construct and adjust the appliances upon which the safety of their working place depends, the employer is not liable for any defect in such construction or adjustment, has no application here. The accident was not traceable to any failure of the employé to use or adjust appliances or to take the steps which he should have taken to make his working place safe. It was due to a hidden defect, known to his employer, but, as he testified, unknown to him—the existence of a concealed excavation, and the pressure of the earth newly placed therein. The employer's duty was either to make the working place safe, or, if the danger was not obvious, to notify the employé of the hidden, unseen, and unappreciated danger, so that he might adopt means for his own safety. If the defendant in error was sent away from another place to work in finishing the nearly completed new ditch without any warning of danger, and did not know of the existence of the adjacent ditch, and it was not apparent to him in the exercise of reasonable care, it cannot be said that the danger of his working place consisted in the nature of the work in which he was engaged, or from any act or failure to act on his part. The duty of providing a safe place is measured by the character of the work to be done there. If the work is one of construction or repair, the risks incident to the place and the work are assumed by the employé, and the master's duty of maintaining a safe place is not so broad as to charge him with injuries to the employé which result from the place becoming unsafe under exigencies created in the progress of the work, which could not have been anticipated. But where an employé is called from other work, and is set to work in an excavation, he has the right to assume that the master has investigated the conditions and

that the place is safe, unless the danger is plain and obvious. In Carlson v. Northwestern Telephone Exchange, 63 Minn. 428, 65 N. W. 914, the court said:

"It is the duty and the right of the master to give orders and direct the places where his servants shall work. Their duty is instant and absolute obedience, unless it be obvious to them that such obedience will expose them to unusual dangers. Dispatch, discipline, and the safety of person and property in the execution of work imperatively require that the master should order and the servant obey. It would be practically impossible to carry on a work of any magnitude on any other basis. A workman, when ordered from one part of the work to another, cannot be allowed to stop, examine, and experiment for himself, in order to ascertain if the place assigned to him is a safe one."

Other cases in point are Baird v. Reilly, 92 Fed. 884, 35 C. C. A. 78, Schroder v. Montana Iron Works, 38 Mont. 471, 100 Pac. 619, and Hilgar v. Walla Walla, 50 Wash. 470, 97 Pac. 498, 19 L. R. A. (N. S.) 367.

Error is assigned to the refusal of the court to give certain requested instructions. The objection to the instructions so requested was that they were based upon the assumption that:

"The plaintiff knew, or ought to have known, the character of the ground where he was working."

This, it seems unnecessary to say, was to ignore the evidence, and to take for granted that the plaintiff had failed to prove the one essential fact on which his right to recovery depended. The whole case was predicated upon the allegations that there was a recently filled ditch approximately four feet away from the ditch in which the plaintiff was injured, and that he was ignorant thereof, and could not have known it by the exercise of ordinary care and prudence. In instructing the jury the court said:

"Ask yourselves whether or not the old ditch was so plain that a man of experience in ditch digging would have seen it. If a man of experience in ditch digging, going there, would have seen it, and Bassett went in and undertook to dig at the bottom of the new ditch for about six inches, and the cave occurred, he could not recover. But if he did not see it, and in the exercise of ordinary care would not have seen it, and was not told of it, and if, furthermore, the cause of the cave was the extra weight in the old ditch and its lateral pressure, he can recover, unless he was guilty of what may be called contributory negligence."

In view of these considerations, and of the instructions which were actually given to the jury, there was no error in refusing the requested instructions. The instructions which were given were appropriate to the evidence. There was one witness for the defendant, it is true, who testified that there were places where the banks of the old ditch showed through and were visible; but the general trend of the testimony was that the old ditch was covered up with the dirt taken from the new, and while the witnesses all declared that the dirt taken from the first ditch was also visible in a continuous mound, the fact that it was there, as we have before seen, did not necessarily indicate that there were two ditches, or that there were two ditches in close proximity.

It is assigned as error that the court, in the instruction quoted above, charged the jury that the plaintiff's right to recover depended upon

whether or not the old ditch was so plain that a man of experience in ditch digging would have seen it, and it is said that the charge should have been that the right to recover depended upon whether the old ditch was so plain that a man of experience in ditch digging "ought" to have seen it. There is no substantial difference in the two expressions. The instruction as given was equivalent to saying that if the plaintiff, using ordinary care for his own safety, would have seen the defect, he could not recover.

We find no error in giving or refusing any of the instructions. The judgment is affirmed.