3130.  LOUISVILLE & NASHVILLE RAILROAD CO. *et al. v.* CURRY.

HILL, C. J.   Under the allegations of the petition the decedent, when killed
    by the running of the engine and cars, was either an employee or a
    licensee.  Both counts of the petition show a cause of action, and there
    was no error in overruling the demurrer filed thereto.

*Judgment affirmed.*

DECIDED SEPTEMBER 11, 1911.

Action for damages; from city court of Richmond county—
Judge W. F. Eve.   December 3, 1910.

The plaintiffs in error, as lessees of the Georgia Railroad, were
sued for the homicide of the plaintiff's son.   The first count of the

petition alleged, in brief, that the decedent, in the course of his employment as a train-hand of the defendants, went from Union Point, where he resided, to Augusta, in the afternoon, and was scheduled to go out on his regular run on a train leaving Augusta the next morning; that it was the custom of the decedent and other trainmen living at points along the line of the railroad to sleep in caboose cars in the Harrisonville yard of the defendants, near the city limits of Augusta, and this custom was well known and sanctioned by the defendants and their agents in charge of the operation of the yard; and that a little after 12 a. m., on that morning, while he was walking across tracks in the yard, going to one of the cabooses for the purpose of sleeping there according to the custom referred to, a locomotive, moving along the track and operated by employees of the defendants, struck him and inflicted injuries from which he died; that the locomotive was proceeding at a high and negligent rate of speed, without signal or warning of its approach, either by ringing the bell or sounding the whistle, although it was moving through crowded railroad yards where employees of the defendants, and other persons, there by consent of the defendants, were known to be moving around; that the persons operating the locomotive kept no adequate lookout, and ran over the decedent on account of their failure to keep a lookout, and through their failure to give signal or warning, and through their negligence in running at a reckless rate of speed; and that in all these matters and things the decedent was in the exercise of ordinary care and diligence.

The second count contained the same allegations, except that, instead of alleging that the locomotive was being operated by employees of the defendants, it alleged that the locomotive was being operated by agents and servants of the Charleston & Western Carolina Railway Company, and was there with the knowledge and consent of the defendants, it being their custom to allow locomotives of connecting carriers to enter their yards.

The defendants demurred generally to each count of the petition.

Citations in the briefs: For plaintiffs in error: 2 *Ga. App.* 607; 3 *Ga. App.* 273; 5 *Ga. App.* 457 (2); 6 *Ga. App.* 454, 457-8; 7 *Ga. App.* 342-4; Id. 381; 92 *Ga.* 89; 101 *Ga.* 420; 112 *Ga.* 37; Id. 237; 129 *Ga.* 388-91; 130 *Ga.* 675; 131 *Ga.* 161; 133 *Ga.* 668; Id. 730; 134 *Ga.* 371; 108 S. W. (Tex.) 745; 54 C. C. A. 265 (117

Fed. 233). Contra: 102 *Ga.* 814, 817; 116 *Ga.* 644; 127 *Ga.* 8; 7 *Ga. App.* 146; 49 *Ga.* 355; 85 *Ga.* 482; 90 *Ga.* 203; 93 *Ga.* 488.

*Joseph B. & Bryan Cumming, J. M. Hull Jr., William K. Miller,* for plaintiffs in error.

*T. F. Harrison, C. H. & R. S. Cohen,* contra.