[No. 9594. Department One. February 15, 1912.]

GEORGE M. FUESTON, *Respondent*, v. P. L. LANGAN, *Appellant*.[1]

MASTER AND SERVANT—SAFE PLACE—EXCAVATIONS—ASSUMPTION OF RISKS—OBEDIENCE TO ORDERS. A laborer in a ditch being directed by his employer to work in a particular place at a particular time, the employer being present, may assume the safety of the place, and may recover for injuries received by the falling back of a rock, negligently left on the edge of the ditch at the surface without sufficient support.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered January 5, 1911, upon findings in favor of the plaintiff, after a trial before the court, in an action for personal injuries sustained by a laborer in a ditch. Affirmed.

*McWilliams, Weller & McWilliams*, for appellant.
*George W. Sommer*, for respondent.

PARKER, J.—The plaintiff commenced this action in the superior court for Spokane county, to recover damages for personal injuries alleged to have been received by him as the result of the defendant's negligence while in his employ as a laborer in digging a sewer ditch, in Spokane. The cause was tried before the court without a jury, resulting in find-

[1]Reported in 121 Pac. 55.

ings and a judgment awarding the plaintiff $300 damages, from which the defendant has appealed.

Respondent's injury was caused by a rock, which had been thrown from the ditch during its excavation, falling from the surface of the ground at the edge of the ditch upon the respondent while he was working therein. There is no dispute as to the immediate cause of his injury nor as to its extent. The alleged negligence upon which respondent rests his right of recovery is that appellant carelessly and negligently left the rock dangerously near the edge of the ditch with such meager support that it fell upon respondent while he was at work. Appellant rests his defense upon assumption of risk and contributory negligence upon the part of respondent. Appellant was constructing a sewer for the city of Spokane, having a contract with the city therefor. The work was being done under the immediate supervision of appellant and his son as his assistant foreman. Respondent was employed in the work as a laborer at the time of his injury, and for some two weeks prior thereto. He was comparatively inexperienced in work of this nature. The portion of the ditch for the sewer which was open at the time was from four to eight feet deep, and over a hundred feet long.

In the afternoon of August 23, respondent was at work in the ditch assisting in its excavation, when the son directed him to go to another point in the ditch, about 100 feet distant from where he was then working, there to receive instructions from appellant as to his work. Respondent proceeded along the bottom of the ditch, passing other workmen on his way, and upon arrival at the point to which he was directed to go, he found appellant there, who then directed him relative to his work. As to what occurred then and within an hour following, respondent testified as follows:

"Q. What conversation, if any, did you have with Mr. Langan at the time that you went up to work at this particular point? A. Well, he says, 'Here is where I want you to

work,' and he says, 'You go down three or four feet deeper here before you put in your laggings.' And there was a man working in behind me, and he says, 'I am afraid that will cave if you go down that deep,' and I turned around to Mr. Langan and says, 'Will this cave if I go down any deeper?' And he says, 'You go down four feet deeper before you put in your laggings.' And then he came back after awhile, I don't know just how long it was, and there was a fellow came up to the ditch to throw back the stuff—well he got up on the ditch to throw back the stuff and Mr. Langan put him down in the ditch and says, 'You go down in the ditch, it is not deep enough; I will take care of this on top.' . . . Well, when he got ready for me to put in my laggings he came along and he handed me over a lagging and he says, 'You put this lagging in over next to the brace over there, and then you go ahead and put your lagging in on that side first,'—that was the south side. Well, I took the lagging and I put it down in behind the brace that runs along the ditch, and there was a rock dropped down in behind it, and he says, 'You take that rock out of there and let that lagging down in the ditch as far as you can get it,' and I tried to reach down with my pick to take the rock from the lagging, but my pick was so short I could not get it, so I stooped down on my left knee and worked the lagging with my left hand and working the rock out with my right when this rock came rolling in over the top."

This was the rock which injured respondent. When respondent arrived at this point and first commenced work there, the ditch was at least four feet deep; he himself testifying that it was too deep for him to stand in the bottom and see over the upper edge of it, though the trial court was inclined to the view that it was only four feet deep, as indicated by his remarks. While there was some serious conflict in the evidence upon some of the material facts, we think the trial court was fully warranted in believing that they are substantially as we have above summarized, and as related by respondent in his testimony above quoted. The trial court found that the proximate cause of respondent's injury was that appellant carelessly and negligently left danger-

ously near the edge of the sewer ditch the stone with such meager and insufficient support that it rolled into the ditch, striking respondent and injuring him; but made no finding as to respondent's contributory negligence or assumption of risk, from which fact we assume, of course, that those defenses were regarded by the court as not having been sustained. It seems to us that the judgment must be sustained upon the ground that appellant, having directed respondent to work at this particular place at the particular time, being then present, he impliedly assured respondent that the place was safe; and that respondent was entitled to rely upon this implied assurance, unless the danger was so plain and obvious that a reasonable person would not have assumed to proceed under the specific directions of his master. We are not able to say, as a matter of law, that respondent assumed the risk or contributed by his own negligence to his injury, and clearly there was sufficient evidence to warrant the court in finding that appellant was negligent. This view finds support in *Hilgar v. Walla Walla,* 50 Wash. 470, 97 Pac. 498, 19 L. R. A. (N. S.) 367; *Anustasakas v. International Contract Co.,* 57 Wash. 453, 107 Pac. 342, and cases there cited. We conclude that the judgment must be affirmed, and it is so ordered.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.